May it please the court, and good morning. My name is Justine Harris, and together with my colleagues Noam Beale and Maya Brodchiak, we represent Sylvia Ash. I'm going to begin my argument by focusing on the jury charge error, which was point three in our brief. With respect to the key term corruptly, which modifies both subsections of 1512 C1 and C2, the two alternate theories that were charged in count three of the indictment, the court did not accurately or intelligently convey to the jury what the government was supposed to prove with respect to C enter. The district court's charge was to act corruptly means to act in whole or in part with a bad purpose of accomplishing either an unlawful end or as a result by some unlawful means or method. While the court's bad purpose language does capture consciousness of wrongdoing, that is not- Isn't that language, isn't that the district court's language similar to the language we use in United States v. Ng-Lap-Sen? It is, Your Honor. But that case is a bribery case, first and foremost. It's not in the obstruction of justice case. There's no case in this circuit or other circuits that really has used that language in the obstruction of justice context. Secondly, that case- Am I correct that you did not object? Your Honor, with respect to this particular issue, we are arguing that it was plain error. Yeah. I'm happy to go through why we think it- why we think it is. And in fact, these legal issues about why there's no precedent is part and parcel of why it was plain error. With respect to the Ng case, I just want to note that even in the bribery context, the judge's instruction was not following the precedent in the bribery context. If you look at the Ng instruction that was at issue there, there was much more to it than what Judge Kaplan did here. For example, that instruction included voluntarily and intentionally, and it had language requiring to find that the payment, because again, this was a bribery case, that the payment was intended to influence an official to misuse his official position. So there in the bribery context, because it's a specific intent crime, just like obstruction of justice, you had to link bad purpose, the unlawful intent language to the specific intent that was at issue in the statute. Here, there's a specific intent in the statute, and it was not part of the definition of corruptly. What's the misunderstanding that the jury- that you think the jury would get from this? It's a very- in this- it might in another case be harmless error, but in this case, it wasn't. And that's because of the way the government chose to prove its case. The jury could have found that Ms. Ash acted with any sort of bad purpose at all, even if she did not intend to impede a grand jury proceeding. And I just want to note this applies to count one and count three. Now, the specific- we detail in point two all of what we believe to be extraneous evidence that shouldn't have been admitted. But putting aside whether or not that evidence should have been admitted, the fact that there was vast amounts of evidence about consciousness of wrongdoing, about benefits received as a board member of MCU, about potential violation of judicial ethics codes, about false statements on judicial disclosure forms, all of that meant that their record was replete with other sorts of bad purposes and motives that had nothing to do with a specific intent to impede a grand jury investigation. So in this particular case, because of the way that the case was brought and charged, there was a very high likelihood, a high risk that the jury could have convicted without finding the requisite scienter and state of mind required. Well, with a bad purpose of accomplishing an unlawful end, that's- what's wrong with that? Your Honor, for example, she might have been trying to hide prior misstatements on judicial disclosure forms. She might have been trying to cover up tax problems she had. I'm not allowed to obstruct justice for the purpose of covering up some previous thing. Excuse me, I didn't hear the beginning of the- One is not- the statute doesn't allow one to obstruct justice when the purpose is to conceal some prior wrongdoing. It doesn't- it's not that it's allowable. I'm not saying that this is innocent conduct. It's a violation of the statute. It's a violation of the statute. Only, Your Honor, if you specifically intend to impede the grand jury investigation. And I think a good example of this problem is actually in the D.C. Circuit cases around the January 6th attack. In those cases, what's happening is that the defendants are bringing vagueness challenges to the meaning of corruptly, saying general consciousness of wrongdoing or wicked intent or unlawful purpose is not enough. It's too vague. It's susceptible to different- too subjective a standard. And in case after case, the district courts there are rejecting those challenges, adopting the position of the Department of Justice in those cases that corruptly has two elements. It has consciousness of wrongdoing and- If Kaplan charged the jury that it had to find that the defendant acted with the intent to impair the object's integrity or availability in an official proceeding, why isn't that sufficient to address your concerns? So I have a couple things about that which I want to say. It doesn't cure the failure of the definition of corruptly. That element is the second element of 1512C1 only, and it relates to foreseeability of the nexus prong. But- and here's where I want to be careful, because Count III charges two different theories, as you recall. It charges C1 and then alternatively C2. I want to start- if you look at the second element, the language that Your Honor just pointed to, the second element of Count III, it's very clear in the judge's instruction that that applies only to the first theory of liability, 1512C1. If you look at where the judge begins at the transcript, it's 1006-7 or Appendix A-37, he says, I now turn to the second theory on which the government proceeds under Count III, which is, of course, 1512C2. And on that theory, there's only two elements. First, that the defendant obstructed, influenced, or impeded an official proceeding or attempted to do so. And secondly, that the defendant acted corruptly. And there he just refers the jury back to his prior definition of corruptly. There's no incorporation by reference to the language Your Honor just pointed out. So with respect to- That sounds like a knowledge requirement. That, Your Honor, the knowledge that your conduct might affect a proceeding in no way goes to state of mind. Because, for example, Arthur Anderson is clear that knowing that your conduct might affect an official proceeding, there's a vast amount of innocent conduct that lawyers who advise their clients about Fifth Amendment rights, that could impact or affect a proceeding. There are lots of lawful ways to do so. And again, I turn to the D.C. Circuit cases in the Montgomery decision. They made very clear, for example, that it's one thing to prove that someone knowingly paraded in a congressional building or engaged in disorderly conduct. And this goes, Judge LaValle, to your point earlier. You could deliberately do something bad, unlawful, engage in disorderly conduct. And that disorderly conduct may, you may have knowledge that it affects a official proceeding. But if you don't lack the specific intent that's prescribed by statute, then you're not actually guilty of this particular crime. Your Honor, I've reserved a few minutes for rebuttal, but I did want to address the sentencing issue as well. So I can keep talking, but I know I'm running out of time. So- I'll give you about a minute to start it, and then the rest will be on your rebuttal. Thank you very much. Your Honor, the second issue that we wanted to focus on for oral argument was the sentencing was procedurally unreasonable. Under this circuit's decision, the United States v. Willis, we believe this court, the district court, was required to make factual findings and indeed do so with special care, given the jury's acquittal. Did you, was this issue preserved below? It was very much preserved below. There were, first of all, objections to the relevant paragraphs in the pre-sentence report. That's at page 32 of the pre-sentence report. And then on page 31, in the addendum to the pre-sentence report- But is that sufficient to give the court notice? So the objection to the use of this conduct, this acquitted conduct, in setting the guideline range, that is clear. But to the extent that the judge otherwise relied on that, this specific claim you're raising, was that this idea that the judge shouldn't have relied on this in sentencing? Your Honor, I think the issue was preserved both in the objections, it was preserved again in multiple pages in the sentencing submission, and then at the opening of sentencing, they were reiterated on the record that these objections had incorporated by reference. Then the judge essentially overruled them, summarily, period. I overruled them. And at that point, the judge has decided that these objections about acquitted conduct, that these objections that she didn't know about Mr. Wong's embezzlement, and therefore shouldn't be held accountable for it, either by guidelines, or as a central part of the 3553A factors, had been ruled on. And the Supreme Court's decision in Hogan-Hernandez makes clear that all is required is for the defense to bring an objection to the court's attention. Formal exception, once a ruling has been made, is not necessary. Thank you. Thank you very much. Thank you. Good morning. May it please the court, my name is Eli Mark. I'm an assistant United States attorney in the Southern District of New York. I represent the United States on appeal, as I did before the district court. Let me start with the main issue that the defendant presses, which is that the jury instruction claim, that the jury instructions here were plain error. Judge Kaplan properly instructed the jury on the definition of corrupt intent and the nexus requirement. As your honors noted, the definition of corrupt intent was substantially similar to the definition this court has approved in Englach-Singh. And the nexus requirement was adequately and appropriately described in the second. What about the argument that the definitions are for two different crimes? As an initial matter, there is no governing case law that defines corruption, corrupt intent, differently within the context of obstruction of justice versus the bribery context. And indeed, Arthur Anderson suggests differently, as Arthur Anderson talks about a corrupt intent being something that is wrongful. So first, it is consistent with Arthur Anderson. And second, to the extent that there is any suggestion that there might be some sort of different definitions, that wouldn't be plain error, given the fact that Eng has approved substantially similar language. Moreover, even if there was, this error was preserved, even if there was any error at all, it didn't cause any prejudice under the particular circumstances of this case. The evidence had, there was overwhelming evidence that Ash took multiple acts to obstruct the federal investigation. There was no ambiguity as to what the actions that she was charged with were. Judge Kaplan specifically outlined what the indictment was, what the charge was, that this dealt with obstructing a federal investigation. And here, the facts were substantially different than the other cases that the defendant points to, where because Ash was personally served multiple grand jury subpoenas, she personally concealed and deleted information in response to them and lied repeatedly to a federal agent. So these facts- If there had been an objection below, I think I would have quite a bit of trouble with part of the language of the instruction, is to act corruptly means to act in whole or in part with a bad purpose of accomplishing either an unlawful end or as a result, by some unlawful means or method. What about that last part? I don't even understand what it means. Why is that last part after the or as a result by some unlawful means or method? That's sufficient to satisfy the proper meaning of corruptly? Yes, Your Honor. The corrupt intent has to be something that is wrongful. And here, that captures that wrongful intent. And the question is- By some unlawful means doesn't address intent at all. One can do something by an unlawful means without the slightest awareness that it is unlawful or that one is doing something wrong. Well, the first part of the instruction says it has to be done with a bad purpose. But there's an or. Well- Or is the or a bad purpose? I think the bad purpose modifies both parts of that sentence, and that was definitely how I read that. And I think that is the most illogical reading of that instruction, that the bad purpose deals with both ors. It's not that one can be done without a bad purpose, Your Honor. In any event, we're talking about a plain error which requires a conclusion that there's a miscarriage of justice, not merely an error. That's correct, Your Honor. So even if there was anti-ambiguity on whether the bad purpose modified here, I mean, that wouldn't even necessarily be a clear error here because it could be subject to different reasonable interpretations. But moreover, as Your Honor noted, this wasn't preserved, and it wouldn't be plain error. So these facts, as this court explained in Quattrone, fall squarely within the ambit of obstruction of justice, where a defendant receives grand jury subpoenas and then conceals and deletes evidence in response to them. Just lastly, as to the defendant's sentencing claim, which Judge Lee, you noted, was not preserved below- I don't know that I noted that. I questioned that. And actually, I'll ask you the flip version, the flip side of that. Given that the judge, the district court, did know that the defense objected to this conduct being considered for purposes of the guidelines, I mean, it would seem reasonable for the court to assume, well, they don't want me to use this for the guidelines, but they don't care if I use it for imposing the actual sentences and making that assessment. So as a technical matter, perhaps it was not raised, but if preservation is about giving a court notice of an issue, there was some notice of this issue, wasn't there? Well, first, as to the notice and what the defendant is really claiming is that this wasn't- the court didn't make adequate factual findings in the circumstances. The district court specifically asked, apart from the guidelines computation, are there any material objections to the pre-sentence report? And defense counsel said, no, Your Honor. So to the extent that they're arguing that there should be additional factual findings, the fact that they didn't specifically raise that as a matter for determination by Judge Kaplan removed that. The reason that part of the objection to the guidelines was this idea that that conduct, what they are believing is acquitted conduct, shouldn't have been used in the calculation of the guidelines. So if I've already said, I object to you considering this information for purposes of the guidelines, and then the judge says, well, aside from the guidelines, is there anything else? And I don't say anything, but then this same information that I've already objected to, the court uses later. So two parts. First is what they were objecting to is they weren't objecting to the underlying facts that were adequately and really specifically detailed out in the pre-sentence report, which was her signing of the memo that she knew that it was- that she admitted that she knew that the memo was not accurate, that she signed a second memorandum, and that she signed a second memorandum after she was initially contacted by a federal agent. What they- what their objection sort of interpreted in the best light to them was that she did that with the intent to obstruct a federal investigation. So first, there was adequate evidence in the pre-sentence report for the court to find, for the purposes of sentencing, that she did so. But moreover, your honors don't actually even have to consider whether he considered- what Judge Kaplan specifically said in his findings that underlay his sentence, which I know was just sort of one part of his reasoning, which he said in outlining his sentence. While he referenced the signing of the false memo, he also said this was part of a long course of conduct that took place over many months, so that the defense suggested this was exclusively the basis or even mattered to Judge Kaplan's ultimate sentencing determination. We contend is wrong. But what Judge Kaplan said is that the trial events showed that Ash signed the false memo for the purpose of covering up part of the embezzlement. That's not actually a finding that she engaged in what the acquitted conduct was, because the acquitted conduct was that she did it in the purpose of obstructing the federal investigation, and Judge Kaplan, I would think actually quite intentionally, said it was for the purpose of covering up the embezzlement. And I don't think there's any fair reading of all of the evidence, including the evidence that the defendant objected to, that would suggest that she did that. She signed a false memo for any other purpose, your honors. And even if there was any error in not making further particularization on those findings, which A, was unpreserved, and B, even if it was preserved, it would be a question of whether there was clear error here. Judge Ash is not entitled to resentencing in these circumstances. What is the present status of the law on the use of acquitted conduct in sentencing? This circuit has been very clear that a court could consider acquitted conduct. After making findings, though, correct? After making findings. Correct, your honor, after making findings, and indeed, as I noted, Judge Kaplan did make specific findings here. Findings by a preponderance of the evidence? Yes, by a preponderance of the evidence. Unless your honors have any further questions, the government will rest on our submission. Thank you. A couple of points in brief rebuttal. The government's statement right towards the end of its argument where it tries to explain to the court how the acquittal and Judge Kaplan's finding could be reconciled actually illustrates the problem and the error on the jury charge issue. What the government said a moment ago was that Ms. Ash could have signed the memorandum for the purpose of covering up the embezzlement and thereby be acquitted, but not for the purpose of impeding a grand jury investigation. I want to address briefly the question of plain error and the appropriate legal standard with respect to the jury charge issue. The difficult grammatical sort of reading of the charge that Judge Kaplan actually gave shows precisely why the definition of corruptly does not transfer from the bribery context to the obstruction of justice context. In a bribery context, it may make sense that you could use an unlawful means, i.e., a payment that's not allowed to achieve an unlawful end. It does not make sense in the obstruction of justice context. The circuits and the case law is of a piece, and you see this cited in the D.C. Circuit cases where, again, in response to these vagueness challenges, court after court is relying upon the pattern jury charge, the charge that was at issue in Arthur Anderson to defend against vagueness challenges that it requires both intent to impede and a consciousness of wrongfulness. Judge LaValle, you mentioned the question of a miscarriage, and I want to note with respect to plain error that there is part of the charge that trial counsel did object to, and that was the removal, done at the request of the government here, of voluntarily and intentionally. Again, language that was in the in charge and that the government asked for it to be removed, and Judge Kaplan agreed with that removal. Well, what the government said at the charge conference was that that really goes to the knowing element, Judge, and so it was taken out. So it's not fully unpreserved because that's part of our argument, the argument that it should have been knowingly and dishonestly and with the intent to impede the due administration of justice. With respect to a miscarriage of justice, I just want to briefly flag its end point, too, but all of the different kinds of evidence were for witnesses that testified exclusively about her receipt of benefits as a board member, her dealings with the Judicial Ethics Commission. Two other witnesses testified in part on these subjects. There were vast amounts of documentary evidence. They got spreadsheets showing every single time going back to 2010 that she had used a box at the MCU stadium in Coney Island. They got a copy of the rules of judicial conduct. They got a draft opinion from 2015 from the Judicial Commission. There was a policy manual that was introduced. There was correspondence between her and the Judicial Commission about her request to stay on the board. Here, the problem is that there was so much evidence in the record that related to some kind of bad purpose that the jury could have convicted without finding that she had the specific intent. Now, there could have been things she had done that were wrongful, other crimes, you know, violation of an ethics commission, but the government chose to bring this particular charge and the D.C. Circuit cases and Arthur Anderson made clear that if you're going to bring this charge, you have to define correctly to require an intent to impede, and the failure to do so here was error. Thank you. Thank you.